## WATSON a. RUSHMORE.

*Supreme Court, First District; At Chambers, September,* 1862.

AMENDMENT OF COMPLAINT.—STRIKING OUT CAUSE OF ACTION.

A plaintiff within twenty days after service of his complaint containing several causes of action, may amend his complaint of course, without costs, by striking out a cause of action.

Motion to strike out answer as sham.

This action was brought by William Watson and another to recover the sum of $2,800, the amount due on a promissory note, dated October 30, 1860, and executed by the defendants, Thomas L. Rushmore, John A. Cone, Pendleton G. De Graw, William A. Harding, James A. Timpson, William Johnson, George Corbin, and Lyell T. Olmstead, who at said time composed the firm of Rushmore, Cone & Co. It appeared by the affidavit of Mr. Sweet, one of the attorneys for the plaintiffs in this action, that on the 24th day of February, 1862, an action was commenced in the Supreme Court of this State, wherein the plaintiffs in this action were the plaintiffs, and the defendants above-named, the defendants, excepting the defendant Lyell T. Olmstead, to recover the amount due on four promissory notes, dated, respectively, October 30, 1860, December 14, 1860, March 3, 1861, and March 16, 1861, and executed by

the firm of Rushmore, Cone & Co., at or about the dates of the same. That the complaint in the said action contained four separate causes of action, the first of which was upon the note before mentioned, dated October 30, 1860. That on the 15th day of March, 1862, the defendants answered the said complaint, and for a defence to the *first* cause of action therein, alleged, that at the time of the execution of the promissory note upon which the said cause of action is founded, the defendants named in the complaint did not compose the firm of Rushmore, Cone & Co., but that said firm was composed of the defendants in said action, and one Lyell T. Olmstead, who it was claimed should be joined as a party-defendant. It further appeared by the defendant of the said attorneys, that on the 17th day of March, 1862, and before the time to answer the complaint had expired, the plaintiffs' attorneys caused to be served on the defendants' attorney a copy of an amended complaint, said complaint being amended by striking out such first cause of action. That on the same day the said amended complaint was returned to the plaintiffs' attorneys by the defendants' attorney, with his objection indorsed thereon, to the effect that he did not recognize the right to amend a complaint by withdrawing therefrom an entire cause of action. That at the expiration of twenty days from the service of said amended complaint, judgment was entered up against the defendants for the full amount claimed in the complaint.

That on the 26th day of March, 1862, another action was commenced against the firm of Rushmore, Cone & Co. (in which said last-mentioned action, the said Lyell T. Olmstead was made a party-defendant), to recover the amount due on the promissory note, which was the foundation of the first cause of action in the original unamended complaint. That in answer to the complaint in the said last-mentioned action, the defendant interposed the defence that another action was pending in this court, wherein the plaintiffs in this action are the plaintiffs, and the defendants in this action, excepting Lyell T. Olmstead, the defendants, and that among other causes of action set forth in the complaint in said prior action is a cause of action upon the identical promissory note which is the cause of action set forth in the complaint in this action. The plaintiffs made the present motion on affidavits and the pleadings. The attorneys

in the said action having agreed upon the argument, that the only question to be passed upon by the court would be, whether a complaint, containing several separate causes of action, can be amended of course, without costs, at any time within twenty days after the service thereof, by withdrawing therefrom an entire cause of action.

*Preston I. Sweet*, for the motion.

*William A. Coursen*, opposed.

BARNARD, J.—The sole question presented in this motion is, whether a plaintiff within twenty days after service of his complaint containing several causes of action, can amend his complaint of course, without costs, by striking out one of the causes of action.

The language of section 172 is sufficiently broad to allow the pleader to amend his pleading in any mode he sees fit, subject to the restrictions contained in that section.

It has been repeatedly held that a new and distinct cause of action or defence may be added under this section. (McQueen *a.* Babcock, 13 *Abbotts' Pr.*, 268, and cases there cited.)

Upon the principle laid down in McQueen *a.* Babcock, that section 172 gives an unqualified right of amendment once of course, and without costs, subject only to the restrictions in that section contained, it cannot be denied that plaintiff has a right to amend his complaint within the time allowed by that section, by striking out one of the causes of action.

Motion granted, with $10 costs.

---

## WELLS *a.* KELSEY.

*Supreme Court, Second District; General Term, Sept.*, 1862.

CONVERSION.—DEMAND AND REFUSAL.—EVIDENCE.—VALUE.

A demand and refusal are evidence of a conversion, and nothing more. If the defendant refuses to deliver plaintiff's goods on demand, and afterwards, before