By the Court.—Speir, J.
This is an appeal from an order made at special term, striking out certain portions of the complaint as irrelevant, and compelling the plaintiff to so amend the title of his action in the summons and complaint, and his prayer for judgment, that the action shall be against the defendant as re ceiver of an insolvent insurance company, and no! against him personally.
. The order appears to have been made under the impression that the complaint did not state a cause of action against the defendant personally, and possibly the inartificial manner in which the complaint is drawn, was well calculated to lead to that conclusion. It will be admitted, I think, if the complaint fairly makes out a case against the defendant personally, then there was no ground for changing the character of the action, by substituting one defendant for another ; even admitting the power of the court to do so. But we are of the opinion that the court had not the power to compel the plaintiff to bring his action against the defendant in his official character, and against a specific fund in his hands, and not against him personally for misfeasance. On this motion, the question whether the complaint *278 contains facts sufficient to sustain a c¡ ¡ase of action, is not properly before the court. A part f may strike out a cause of action or defense, by amend ^ient, of course, under section 172 of the code (Watso v. Rushmore, 15 Abb. Pr. 51); but we find no author! ly for substituting one defendant for another, by compulsion. Even if the plaintiff fails to make out Ms case in his complaint, it is at his own peril; and on this motion to strike out the question is, are the expunged allegations in any view pertinent .or material to such a cause of action.
In order to determine whether the allegations in a complaint áre not irrelevant, but material, there must be some cause of action stated in it known to the law. The defendant cannot be held personally liab.le, except for maladministration of his trust, as waste or misapplication of the funds, a conversion of any part thereof, „ or misconduct, amounting to a denial of the rights, or . wrongful withholding of the share of a party interested in the estate. I think there is enough stated in the complaint to entitle the plaintiff to try the question of the defendant’s personal liability in the discharge of his duties as receiver, in taking possession of the assets and effects of the insurance company, and his disposition of them “ in such a manner as he saw fit,” not according to law, “ but according to his own preferences and partialities.”
If "this view be correct, then the allegations wMch have been stricken out, were designed to show bad faith on the part of the defendant, in assigning false reasons for the rejection, or non-payment of the plaintiff’s claim, and in exacting from him proofs and proceedings which were not required of others, to whom payments were made, out of the assets of the company, and in paying any dividends upon claims against the company, not presented and proven, or approved by the referee appointed for that purpose. Concéding *279 then, that a cause of action is stated in the complaint against the defendant personally, it can hardly be said that, the allegations struck out by the order of the learned judge can in no aspect of the case be immaterial or irrelevant.
We think the order should be reversed, with costs.
Sedgwick and Van Vorst, JJ., concurred.